# EXHIBIT A

# EXHIBIT A

# KELLEHER & DUNNE LLP

ATTORNEYS AT LAW

17 BATTERY PLACE
11ᵀᴴ FLOOR
NEW YORK, NY 10004

(212) 825-1700
FAX: (212) 825-1108

DENIS P. KELLEHER

JOHN W. DUNNE

VIA FACSIMILE

May 3, 2006

AUSA Danya Perry
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, N.Y. 10007
Fax No. 212-637-0412

Re: *United States v. Shyne, et. al.*
S4 05 Cr. 1067 (KRK)

Dear Ms. Perry:

I am the attorney for Naresh Pitambar ("Pitambar") in the above-referenced indictment. Please accept this letter in lieu of a formal motion for discovery. In accordance with Rule 16 of the Federal Rules of Criminal Procedure, the above defendant Pitambar by his attorney, Denis P. Kelleher, requests to receive, duplicate, discover and inspect each of the following, to the extent any of these documents have not been previously provided:

## DISCOVERY

1. Pursuant to the Federal Rules of Criminal Procedure Rule 16(a)(1)(A) & (B):

    (a) please provide defendant a copy of any relevant written or recorded oral statements by defendant, co-defendants, and/or alleged co-conspirators (whether indicted or unindicted), or copies thereof, including, but not limited to tapes, transcripts or verbatim notes memorializing the words of the defendant, and also including, but not limited to any statement which the defendant made orally or in writing or which bears the defendants signature or the designation of any company or business allegedly controlled by the defendant relating in any way to a report as defined in 31 U.S.C. § 5316(b), which are in the possession, custody or control of the Government, the existence of which is known, or, by the exercise of due diligence, may become known, to the attorney for the Government, and, if so, please state the names of any and all individuals who made the written or recorded statements and who were present when the

KELLEHER & DUNNE LLP

statements were made and also please provide all the agents' and/or law enforcement officer's reports containing the substance of any such statements;

    (b) please state whether any statements were obtained through the use of electronic surveillance, and if so, provide copies of any and all warrants for such surveillance, sealing orders, supporting affidavits and reports of returns on the warrants connected to this case, whether or not any arrests, seizures, or electronic surveillance were made as a result of the applications;

    (c) please provide defendant a copy of all reports or memoranda in the possession of the Government which memorializes the substance of any oral statement which the government intends to offer in evidence at the trial in any way, including impeachment, made by the defendant, co-defendants, and/or alleged co-conspirators (whether indicted or unindicted), whether made before or after arrest in response to interrogation by any person then known to the defendant, and/or alleged co-conspirators to be a government agent, and indicate when such statements were made, who was present at the time, whether *Miranda* warnings were given and the names of all the individuals to whom the statements were made, and please provide all of the above for statements which the Government knows of, but does not intend to offer; and

    (d) please indicate whether the Government is possession of any statements made by persons other than the defendant which it intends to offer under an exception to the hearsay evidentiary rules or which might possibly draw an objection to admissibility based upon such rules or other rules of evidence. Please indicate the substance of any such statements and the theory under which the government contends they are admissible.

  2. Pursuant to the Federal Rules of Criminal Procedure Rule 16(a)(1)(D):

    (a) please provide a legible copy of the defendant's prior criminal record, if any, including but not limited to, a legible copy of the F.B.I. report, N.Y.S.I.S. or N.Y.S.I.D. or any state report of the defendant's prior criminal record, if any.

  3. Pursuant to the Federal Rules of Criminal Procedure Rule 16(a)(1)(E):

    (a) all books, papers, documents, photographs, drawings, film, video tape, tangible objects, buildings or places, personal effects taken from the location of the arrest or taken from or belonging to the defendant or any co-defendant or alleged indicted or unindicted co-conspirator at any time, and any other physical evidence which is in the possession, custody or control of the government or its agents, which are material to this case, or trial, or which might be material to any defense, or which are intended for use by the Government as evidence at trial, or which were obtained from or belonging to the defendant or co-defendants;

KELLEHER & DUNNE LLP

      (b)    if any evidence obtained was taken from the defendant or belongs to the defendant, state whether it was taken pursuant to a warrant, and if so, please attach copies of all such warrants, supporting affidavits and reports of returns on all such

warrants and provide the names of any officers and/or agents involved, and the date, time, and exact location of any such seizures;

      (c)    if any evidence obtained was taken from the defendant or belongs to the defendant and was not taken pursuant to a warrant, please provide the name or names of any agents or officers involved, and the date, time, and exact location of any such seizures, and state how it was packaged at the time of seizure;

      (d)    the exact location where each item was allegedly seized; and

      (e)    if, during the course of investigation of this matter, the defendant's photograph, likeness, or image was exhibited to anyone not then employed by a law enforcement agency, please state the date, time, and place of each occurrence, a description of the identification procedure used, and the names of the persons, including counsel, who were present during such procedure.

    4.    Pursuant to the Federal Rules of Criminal Procedure Rule 16 (a)(1)(F) & (G), please provide:

      (a)    with regard to any expert witness the Government intends to call at trial, the name of the expert witness and his/her qualifications;

      (b)    a written summary of each expert witness's expected testimony;

      (c)    a written summary of the bases for each expert witness' testimony, including any hearsay used by the witness in forming his opinion; the authorities, treatises, witnesses, and other experts consulted by the witness in forming his opinion; any written or oral reports, tests, investigations and any other information permitted by the Federal Rule of Evidence, Rule 703 as the basis for an opinion; and

      (d)    copies, or permit defendant to inspect and copy the results or reports of any scientific tests and experiments or computer analysis, including physical or mental examinations and reports thereof, in the possession, custody, or control of the Government or its agents, the existence of which is known or by the exercise of due diligence may become known to the attorney for the Government, which may be used by the Government at trial.

    5.    Pursuant to the Constitutional requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), *United States v. Rivas*, 377 F.3d 195 (2d Cir. 2004), and *United States v. Gil*, 297 F.3d 93 (2d Cir. 2002), please provide any exculpatory or favorable evidence or information, or any evidence of

3

KELLEHER & DUNNE LLP

statements of anyone which may be favorable to the defendant which may tend to exonerate him, which is in the possession or control of the government or its agents, or, if unknown, can by due diligence become known or acquired by the government or its agents, including, but not limited to, the following:

    (a) copies of any statement or the substance of any oral made by any prospective government witness, or by any co-defendant or alleged co-conspirator, or by any other person, which is exculpatory of or favorable to the defendant, or which is inconsistent with any fact the Government alleges with respect to the charges in the indictment;

    (b) copies of any statements or the substance of any oral statements made at any time by the defendant in which he or she refused to participate in the acts alleged;

    (c) copies of any reports of mental illness, drug use, alcohol abuse, or any medical condition, (physical, psychological, or psychiatric) of any prospective government witness or informant which would affect the ability to observe or remember an observed fact or might show such witness's bias, partiality or incompetence;

    (d) reports of any statement by any prospective witness or agent or informant who, having been in a position to observe the defendant in a location relevant to the commission of the alleged crimes, failed at a later date to identify the defendant as the person who was in that location;

    (e) reports of any statement by any prospective witness's criminal record, including, but not limited to, a copy of the N.Y.S.I.S. "rap sheet" and the F.B.I. Record, and, if there is a record, please provide it one month prior to trial so that supporting documents can be subpoenaed, and, in addition, please specify if the witness has committed an alleged prior bad act which did not result in conviction;

    (f) any government report on any witness's uncharged criminal behavior; and

    (g) any other information about any prospective government witness or informant which impeaches his or her credibility by demonstrating interest, motives, prejudices, hostilities, and means for obtaining knowledge or associations.

# hp LaserJet *3015*



.iP LASERJET FAX

May-3-2006   1:13PM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 925 | 5/ 3/2006 | 1:10:49PM | Send | 12126370412 | 2:47 | 5 | OK |

---

**KELLEHER & DUNNE LLP**
ATTORNEYS AT LAW

DENIS P. KELLEHER

17 BATTERY PLACE
11TH FLOOR
NEW YORK, NY 10004

(212) 825-1700
FAX: (212) 825-1108

JOHN W. DUNNE

VIA FACSIMILE

May 3, 2006

AUSA Danya Perry
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, N.Y. 10007
Fax No. 212-637-0412

Re: *United States v. Shyne, et. al.*
S4 05 Cr 1067 (KRK)

Dear Ms. Perry:

    I am the attorney for Naresh Pitambar ("Pitambar") in the above-referenced indictment. Please accept this letter in lieu of a formal motion for discovery. In accordance with Rule 16 of the Federal Rules of Criminal Procedure, the above defendant Pitambar by his attorney, Denis P. Kelleher, requests to receive, duplicate, discover and inspect each of the following, to the extent any of these documents have not been previously provided:

### DISCOVERY

    1.    Pursuant to the Federal Rules of Criminal Procedure Rule 16(a)(1)(A) & (B):

    (a)    please provide defendant a copy of any relevant written or recorded oral statements by defendant, co-defendants, and/or alleged co-conspirators (whether indicted or unindicted), or copies thereof, including, but not limited to tapes, transcripts or verbatim notes memorializing the words of the defendant, and also including, but not limited to any statement which the defendant made orally or in writing or which bears the defendants signature or the designation of any company or business allegedly controlled by the defendant relating in any way to a report as defined in 31 U.S.C. § 5316(b), which are in the possession, custody or control of the Government, the existence of which is known, or, by the exercise of due diligence, may become known, to the attorney for the Government, and, if so, please state the names of any and all individuals who made the written or recorded statements and who were present when the