# EXHIBIT F

EXHIBIT F



U.S. Department of Justice

*United States Attorney*
*Sox`uthern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 10, 2007

By Hand

Thomas H. Nooter, Esquire
Freeman Nooter & Ginsberg
30 Vesey Street, Suite 100
New York, New York 10007

Bryan H. Hoss, Esq.
Davis & Hoss, PC
508 E. 5th Street
Chattanooga, Tennessee 37403

Denis P. Kelleher, Esq.
Kelleher & Dunne LLP
17 Battery Place, 11th Floor
New York, New York 10004-1207

Bruce A. Barket, Esq.
Bruce A. Barket, P.C.
666 Old Country Road, Suite 600
Garden City, New York 11530

Re: United States v. Roberto Montgomery, et al.
S4 05 Cr. 1067 (KMK)

Dear Counsel:

During trial, the Government expects to offer statements made by, among other co-conspirators, Anthony Prince, Douglas Shyne, Timothy Montgomery, Toybe Bennett, and Christine Richardson, in furtherance of the conspiracies charged in the above-referenced Indictment, pursuant to Rule 801(d)(2)(E). Accordingly, the Government writes with respect to its obligations under Giglio v. United States, 405 U.S. 150 (1972), to inform you of the following:

Anthony Prince: A copy of Prince's criminal history, including docket sheets for federal prosecutions of Prince, is attached. Prince has entered into a cooperation agreement with the Government, a copy of which is attached. In or about late 1993, a co-defendant of Prince in a federal criminal case then-pending in the Eastern District of New York, Fumenez Senecharles, a/k/a "Steve" ("Senecharles") was killed. According to statements made by Prince in or about September 1996 and again June 2000, Prince arranged for another person to kill Senecharles in exchange for several thousand dollars and the cancellation of a pre-existing drug debt because Prince believed that Senecharles was cooperating with the Government. In or about early 2007, Prince denied that he had any involvement in the murder of Senecharles. In addition, Willie Lashaun Robinson has provided information to the Government that, while incarcerated, Prince has continued to arrange for the distribution of narcotics, which Prince did not disclose to the Government. As you are aware, we do not plan to call Prince as a trial witness and he is available to you.

Counsel, United States v. Montgomery
April 10, 2007
Page 2

Douglas Shyne: A copy of Shyne's criminal history is attached. Shyne pled guilty to Counts 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 of the above-referenced Indictment on or about March 19, 2007. Shyne has not yet been sentenced. In addition, the Government is aware that, while in prison and while attempting to cooperate with the Government, Shyne was attempting to arrange for the deposit of additional counterfeit checks through a co-conspirator not named in the Indictment. Shyne also claimed that he had not corresponded to Toybe Bennett while incarcerated when, in truth and in fact, Shyne had communicated with Bennett.

Timothy Montgomery: Montgomery pled guilty to Counts 1, 4, and 6 of the above-referenced Indictment on or about April 9, 2007. Montgomery has not yet been sentenced. In addition, the Government has information that Montgomery was involved in brokering transactions of multi-kilogram quantities of cocaine, heroin, and marijuana. The Government also has information that Montgomery used certain performance enhancing drugs during his career as a professional athlete.

Toybe Bennett: A copy of Bennett's criminal history is attached. Bennett pled guilty to Counts 1, 12, and 15 of Indictment S4 05 Cr. 1067 (KMK), on or about March 19, 2007. Bennett has not yet been sentenced. Bennett was not truthful in proffers with the Government, including, in relevant part, his early assertions that Natasha Singh and Roberto Montgomery were not involved in the fraud and that he himself was unaware of certain fraudulent checks. Later on, he recanted and admitted that both Singh and Montgomery were in fact involved. With respect to Roberto Montgomery, Bennett stated that Montgomery was aware that the $18,000 check he allowed Bennett to deposit into his account represented the proceeds of a bad check; that Montgomery was aware that Bennett was using the Makervich alias; that Montgomery had received a bad check in the past; and that Montgomery was aware that the check used to purchase the Euromotor cars was counterfeit.

Christine Richardson: Richardson pled guilty to Counts 1 and 10 of Indictment S2 05 Cr. 1067 (KMK). On or about October 27, 2006, Richardson was sentenced principally to time served. Richardson made false statements on some Medicaid forms, including stating that she had no bank accounts.

Counsel, United States v. Montgomery
April 10, 2007
Page 3

      Please advise the Government if you intend to use any of the information to cross-examine Government witnesses, or otherwise, so that the Government may make a motion, if appropriate, to preclude such use.

                            Very truly yours,

                            MICHAEL J. GARCIA
                            United States Attorney

                    By: _____
                        E. Danya Perry/Daniel W. Levy
                        Assistant United States Attorneys
                        Telephone: (212) 637-2434/-1062

Attachments